Ronald **CLAUSNITZER;** Gabriel **Contreras;** Andy **Kubicki;** Frank **Martinez;** Jody Lynn **Mitchell,** and all those similarly situated, Plaintiffs–Appellants,

v.

**FEDERAL EXPRESS CORPORATION,** Defendant–Appellee.

No. 08–56155.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2009.

Filed Nov. 20, 2009.

David Douglas Deason, Esquire, Deason & Archbold, Newport Beach, CA, David L. Rose, Earlene W. Rosenberg, Esquire, Rose & Rose, Washington, DC, for Plaintiffs–Appellants.

Edward John Efkeman, Senior Counsel, Federal Express Corporation, Memphis, TN, Christopher James Yost, Esquire, Fedex Litigation, Irvine, CA, for Defendant–Appellee.

Before: SCHROEDER and IKUTA, Circuit Judges, and SEDWICK,* District Judge.

* The Honorable John W. Sedwick, United States District Judge for the District of Alas-

MEMORANDUM **

The named plaintiffs in a proposed collective action against Federal Express under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, appeal the district court's denial of class certification and summary judgment for the defendant.

The district court did not err in denying class certification and dismissing the claims of opt-in plaintiffs. The district court correctly denied certification because the plaintiffs failed to show they were "similarly situated" as required by 29 U.S.C. § 216(c). There was a wide variety of circumstances surrounding each of the alleged adverse employment actions. The district court did not require that plaintiffs had to have the same routes, hours, and shifts as a condition of class certification.

Summary judgment was appropriate for the individual named plaintiffs because they failed to establish a prima facie case of age discrimination. *Meacham v. Knolls Atomic Energy Lab.* is not applicable because it deals with the defendant's burden after the plaintiffs establish a prima facie case. *See* —— U.S. ——, 128 S.Ct. 2395, 2398, 171 L.Ed.2d 283 (2008).

**AFFIRMED.**

ka, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.